IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BELKIS GONZALEZ-LOPEZ<br>Plaintiff<br>vs<br>IDALIA COLON-RONDON, in her personal and official capacity as Secretary of the Puerto Rico Department of Family Affairs of the Commonwealth of Puerto Rico, her husband JOHN DOE, and the LEGAL CONJUGAL PARTNERSHIP FORMED BETWEEN THEM; WILDA RAMOS-ROMAN, in her personal and official capacity as Deputy Administrator of Human Resources and Labor Relations at the Administration of Families and Children of the Commonwealth of Puerto Rico, her husband JOHN DOE, and the LEGAL CONJUGAL PARTNERSHIP FORMED BETWEEN THEM; LAURA SANTA-SANCHEZ, in her personal and official capacity as Deputy Administrator of Human Resources and Labor Relations at the Department of Family Affairs of the Commonwealth of Puerto Rico, her husband JOHN DOE, and the LEGAL CONJUGAL PARTNERSHIP FORMED BETWEEN THEM; ELSA RODRIGUEZ-VALENTIN, in her personal and official capacity as Deputy Administrator of Substitute Care and Adoption of the Administration of Families and Children of the Commonwealth of Puerto Rico, her husband JOHN DOE, and the LEGAL CONJUGAL PARTNERSHIP FORMED BETWEEN THEM; VANESSA PINTADO-RODRIGUEZ, in her personal and official capacity as Administrator of the Administration of Families and Children of the Commonwealth of Puerto Rico, her husband JOHN DOE, and the LEGAL CONJUGAL PARTNERSHIP FORMED BETWEEN THEM;<br>Defendants | CIVIL 14-1149CCC |

**OPINION AND ORDER**

Belkis González-López brought this action under 42 U.S.C. § 1983 for violations of her rights under the First Amendment, Due Process and Equal

CIVIL 14-1149CCC                           2

Protection Clauses of the Constitution of the United States.  She also raised claims under, sections 1, 4, 6 and 7 of Article Two of the Constitution of Puerto Rico, Articles 1802 and 1803 of the Puerto Rico Civil Code and Act. No. 184 of 2004, as amended.  Plaintiff alleges that she has been subjected to adverse employment actions because of her political affiliation and seeks relief in the form of compensatory and punitive damages, as well as injunctive relief.

Before the Court are defendants Idalia Colón-Rondón, Wilda Ramos-Román, Laura Santa-Sánchez, Elsa Rodríguez-Valentín and Vanessa Pintado-Rodríguez' ("defendants") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), Memorandum in Support of Motion to Dismiss filed on June 5, 2014 (**D.E. 12**), and plaintiff's Opposition filed on June 25, 2014 (D.E. 14).

Under Rule 12(b)(6), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted."  Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009).  "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'."  Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010).  When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor."  Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).  Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'."  Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009).  "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'."  Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and declared two guiding principles assessment of the

CIVIL 14-1149CCC                                     3

adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]' - 'that the pleader is entitled to relief'." Id. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51). At the pleading stage a plaintiff must allege "sufficient facts to 'provide fair notice to defendant and state a facially plausible legal claim.'" García Catalán v. United States of America, 734 F.3d 100 (2013), quoting from Ocasio Hernández v. Fortuño-Burset, 640 F. 3d 1, 12 (1st Cir. 2011).

Having considered the plausibility standard in assessing the adequacy of plaintiff's pleading in the context of a political discrimination claim in violation of the First Amendment, and, having carefully examined plaintiff's complaint, specifically allegations 71, 72, 73, 78, 83, 86 and 87,[1] the Court concludes that

---

[1] These allegations are sufficient to meet Iqbal/Twombly standards. The Court recognizes nonetheless that plaintiff's complaint are rife general averments related to a hostile work environment which are in no way connected to any of the defendants. See, for example, allegations numbered 35, 36, 37, 38, 39, 41, 42, 43, 50, 51, 53, 54, 55 and 56.

CIVIL 14-1149CCC                    4

the allegations as to defendant Idalia Colón-Rondón, Secretary of the Department of Family Affairs of the Commonwealth of Puerto Rico; Wilda Ramos-Román, Deputy Administrator of Human Resources and Labor Relations at the Administration of Families and Children of the Commonwealth of Puerto Rico; and Laura Santa-Sánchez, Deputy Administrator of Human Resources and Labor Relations of the Department of Family Affairs of the Commonwealth of Puerto Rico, are sufficiently detailed and specific regarding their involvement in the adverse employment action.  The Motion to Dismiss as to the political discrimination claim (**D.E. 12**) is DENIED as to these three defendants.  However, allegations regarding defendants Colón-Rondón, Ramos-Román and Santa-Sánchez having conspired against plaintiff set forth at paragraphs 94 and 97 are STRICKEN since they are devoid of any factual foundation or legal basis.  Additionally, all damages claims made against all five (5) defendants in their official capacities are DISMISSED, with prejudice, as barred by the Eleventh Amendment.

      The situation is different as to the First Amendment political discrimination claim brought in their personal capacities against codefendants Elsa Rodríguez-Valentín, Deputy Administrator of Substitute Care and Adoption of the Administration of Families and Children of Puerto Rico and Vanessa Pintado-Rodríguez, Administrator of the Administration of Families and Children of the Commonwealth of Puerto Rico.  As stated in <u>Ocasio Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 16 (1st Cir. 2011), "each defendant's role in the termination decision must be sufficiently alleged to make him or her a plausible defendant."  "After all, 'we must determine whether, as to each defendant, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted.'"  Defendants Rodríguez-Valentín and Pintado-Rodríguez are not plausible defendants, for plaintiff has neither made allegations of direct conduct of these officials or of indirect conduct amounting to condonation or tacit authorization to sufficiently allege a role or participation by either of them in the events that led to plaintiff's termination.  Accordingly, the Motion to Dismiss is

CIVIL 14-1149CCC                                 5

GRANTED in its entirety as to defendants Rodríguez-Valentín and Pintado-Rodríguez in both their official and personal capacities.

Finally, we address the John Doe defendants mentioned as John Doe 1 through 5 who are the spouses of the main defendants and also the five (5) legal conjugal partnerships composed by each of the defendants and a John Doe husband. Plaintiff never identified the John Doe defendants during the entire course of these proceedings nor asked for an extension to do so. The Case Management Order (D.E. 13), in its paragraph (A), page 13, provides that "[a]ll unidentified 'John Doe' type defendants shall be identified by their true names within thirty (30) days after notice of this order." Therefore, all claims against John Does 1, 2 and 3, spouses of the remaining defendants Idalia Colón-Rondón, Wilda Ramos-Román and Laura Santa-Sánchez, are DISMISSED. The claims against John Does 4 and 5 fall simultaneously with the dismissal of the complaint against Elsa Rodríguez-Valentín and Vanessa Pintado-Rodríguez.

As to the legal conjugal partnerships composed by the three (3) remaining defendants Idalia Colón-Rondón, Wilda Ramos-Román and Laura Santa-Sánchez and their respective spouses identified only as John Does 1, 2 and 3, the same are also DISMISSED. The proof of service of summons (D.E. 9-1) upon the three legal conjugal partnerships mentioned above reflect that they were all served on an individual named "Erika Cruz-Domínguez Of. Adm., who is designated by law to accept service of process on behalf of Adfan Departamento de la Familia." It is obvious that the conjugal partnerships of defendants Idalia Colón-Rondón and John Doe 1, Wilda Ramos-Román and John Doe 2 and Laura Santa-Sánchez and John Doe 3 have not been properly served; therefore, the complaint against the three legal conjugal partnerships are also DISMISSED.

The substantive due process claim, merely stated in passing at page 14 of the complaint, is also DISMISSED in its entirety for lack of factual foundation. The procedural due process claim is DISMISSED only as to defendants Elsa Rodríguez-Valentín and Vanessa Pintado-Rodríguez for lack of factual

CIVIL 14-1149CCC                    6

foundation.  It is also ORDERED that Article 1802 negligence actions be and are hereby dismissed since it is settled that discrimination claims are to be brought under employment discrimination statutes and are not to be raised under a general negligence standard.

In sum, the only remaining defendants and remaining claims are the First Amendment political discrimination claim against defendants Colón-Rondón, Ramos-Román and Santa-Sánchez in their personal capacities.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2015.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge